UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L.A. THELEN,

        Plaintiff,                                          Hon. Ellen S. Carmody

v.

                                                              Case No. 1:13-cv-703

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On September 17, 2013, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #12).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 41 years of age on her alleged disability onset date.  (Tr. 183).  She successfully completed high school and previously worked as a cashier and customer service manager.  (Tr. 19).

Plaintiff applied for benefits on October 1, 2009, alleging that she had been disabled since May 30, 2005, due to migraines, degenerative disc disease, depression, chronic back pain, anxiety, panic attacks, leg pain, and functional limitations.  (Tr. 183-89, 221).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 60-182).  On April 11, 2012, Plaintiff appeared before ALJ JoErin O'Leary with testimony being presented by Plaintiff and a vocational expert.  (Tr. 28-59).  In a written decision dated April 20, 2012, the ALJ determined that Plaintiff was not disabled.  (Tr. 10-20).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-4).  Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on June 30, 2005.  (Tr. 12).  Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status.  *See* 42 U.S.C. § 423;

*Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## RELEVANT MEDICAL HISTORY

On September 19, 2005, Plaintiff participated in a bone density examination of her spine and hips the results of which were "normal." (Tr. 318). Treatment notes dated December 22, 2005, indicate that Plaintiff had experienced only two "severe" headaches in the previous two months. (Tr. 328). On January 9, 2006, Plaintiff reported to the emergency room complaining of a migraine headache. (Tr. 321-22). Plaintiff reported that "she has not had a headache like this one in approximately 3 years." (Tr. 321). Plaintiff was given medication after which she experienced "near complete relief of her headache." (Tr. 322).

On May 10, 2007, Plaintiff participated in an MRI examination of her knee the results of which revealed "a small nonspecific joint effusion but there is no evidence of internal knee derangement." (Tr. 511). On July 16, 2007, Plaintiff participated in an exercise stress test the results of which were "normal." (Tr. 521). On August 20, 2007, Plaintiff participated in a venous duplex examination of her right lower extremity the results of which revealed "no evidence of right lower extremity deep vein thrombosis or thrombophlebitis." (Tr. 520).

On April 28, 2008, Plaintiff participated in an MRI examination of her lumbar spine the results of which revealed "degenerative changes" with "no disc herniation or significant spinal canal stenosis." (Tr. 367). On January 19, 2009, Plaintiff underwent L5-S1 lumbar discectomy surgery. (Tr. 555-56). Treatment notes dated February 3, 2009, indicate that Plaintiff is "doing quite well" and "is making progress." (Tr. 540). Treatment notes dated April 17, 2009, indicate that Plaintiff's "leg pain is gone." (Tr. 539).

X-rays of Plaintiff's spine, taken July 9, 2009, revealed "solid arthrodesis at L5-S1." (Tr. 546). On July 18, 2009, Plaintiff participated in an MRI examination of her lumbar spine the results of which revealed "interval fusion of the L5-S1 disc level" and "minimal lumbar spine degenerative changes and scoliosis." (Tr. 504). Treatment notes dated November 20, 2009, indicate that the "fusion is solid" and Plaintiff was participating in a home exercise regimen. (Tr. 534).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

5

to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that through the date her insured status expired, Plaintiff suffered from: (1) migraine headaches; (2) low back pain; and (3) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 13-15).

With respect to Plaintiff's residual functional capacity, the ALJ determined that as of the date Plaintiff's her insured status expired, she retained the capacity to perform light work subject to the following limitations: (1) she cannot climb ladders, ropes, or scaffolds; (2) she must avoid concentrated exposure to loud noises, fumes, odors, unprotected heights, and dangerous moving machinery; (3) she must avoid prolonged exposure to bright or flashing lights that could trigger migraine headaches; (4) she is limited to simple tasks; and (5) cannot perform fast-paced production work, but is instead limited to goal-oriented work.  (Tr. 15).

A vocational expert testified at the administrative hearing that if Plaintiff were limited to the extent recognized by the ALJ, Plaintiff would still be able to perform her past relevant work as a cashier.  (Tr. 54-57).  The vocational expert further testified that there existed approximately

31,400 additional jobs in the lower peninsula of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 54-57). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I. **The ALJ's Assessment of Dr. Anderson's Opinions is Supported by Substantial Evidence**

On December 15, 2011, Dr. Shelley Anderson reported that Plaintiff suffered from migraine headaches. (Tr. 599-604). The doctor opined that when suffering from a migraine, Plaintiff would be unable to perform "even basic work activities." (Tr. 602). The doctor reported that approximately three times monthly, Plaintiff would be required to take an unscheduled break, of 4-5 hours duration, from work duties. (Tr. 602). Dr. Anderson reported that Plaintiff had been limited to this extent since she was 10 years of age. (Tr. 603). The ALJ afforded "little weight" to Dr. Anderson's opinion. (Tr. 17-18). Plaintiff asserts that she is entitled to relief because the ALJ improperly discounted the opinions from her treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not

7

inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the

ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

       To the extent that Dr. Anderson opined that Plaintiff was "unable to work," the ALJ rejected such on the ground that such "are not medical opinions but are administrative findings dispositive of a case." (Tr. 17). This determination is supported by substantial evidence. *See* 20 C.F.R. § 404.1527(d)(1) (the determination of disability is a matter left to the commissioner). The ALJ further concluded that "[t]o the extent that [Dr. Anderson's report] can be considered an opinion on the claimant's ability to perform work-related activities prior to the date last insured of June 30, 2005, I give little weight to Dr. Anderson's opinion because it is without substantial support from the medical evidence and the record as a whole, including Dr. Anderson's own treatment notes." (Tr. 18). This determination is likewise supported by substantial evidence.

       The medical evidence contemporaneous with, and for several years after, the expiration of Plaintiff's insured status is inconsistent with Dr. Anderson's opinion. Likewise, Dr. Anderson's contemporaneous treatment notes, covering the time period from 2004 through 2009, are inconsistent with her 2011 report. (Tr. 414-84). While the medical evidence reveals that Plaintiff's health deteriorated several years after the expiration of her insured status, the record does

9

not indicate that Plaintiff was more limited, prior to the expiration of her insured status, than the ALJ recognized in her ALJ determination.   In sum, the ALJ's conclusion to afford less than controlling weight to Dr. Anderson's opinions is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.


Date:  September 16, 2014                              /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge